COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-06-119-CR

        2-06-120-CR

CHARLES ANTHONY LEWIS APPELLANT

A/K/A CHARLES LEWIS

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Charles Anthony Lewis a/k/a Charles Lewis entered open pleas of guilty to two charges of aggravated robbery with a deadly weapon.
(footnote: 2)  On November 4, 2005, Appellant signed written plea admonishments and a judicial confession in each case, acknowledging that 
he was entering open pleas of guilty to two charges of aggravated robbery with a deadly weapon, a first-degree felony.  
Appellant 
waived his right to have a court reporter make a record of the proceedings at which he would enter his guilty plea.  Accordingly, the appellate record does not contain a court reporter’s transcription of the guilty plea hearing.
  The trial court deferred making a finding on Appellant’s pleas and sentencing him until a presentence investigation report (PSI) had been prepared.

On March 3, 2006, the trial court took judicial notice of the PSI and offered the parties an opportunity to present additional evidence regarding punishment.  Appellant’s mother, grandmother, stepfather, uncle, and a family friend testified regarding Appellant’s background and the impact of his brother’s death on him and requested leniency in Appellant’s sentencing.  Appellant’s counsel asked the court to take into consideration that Appellant had strong family support and that although Appellant had denied personally using a gun during the robbery, he had admitted all other involvement in the crime.  Appellant’s counsel also asked the court to consider Appellant’s diagnoses of behavioral disorders and need for medication and consider that, with proper therapy and treatment, Appellant’s behavior could improve.  The State asked the court to take into consideration the physical and mental impact that the robbery had on Appellant’s victims, noted that this was not Appellant’s “first run-in with the law,” stated that the only leniency Appellant showed the victims was not shooting them, and asked the court to assess “a significant amount of time” in the penitentiary.
(footnote: 3)  
At the conclusion of the hearing, the trial court found Appellant guilty based upon the guilty pleas that he had previously entered and assessed Appellant’s punishment in each case at twenty-eight years’ confinement.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In his motion and brief, counsel avers that in his professional opinion these appeals are wholly frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeals.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Appellant was provided the opportunity to file a pro se brief but did not file one. 

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeals are frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Appellant entered open pleas of guilty, so he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his pleas, that occurred before entry of the pleas so long as the judgment of guilt was rendered independently of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Appellant’s pleas, potential error occurring before Appellant’s pleas that resulted in or supports the judgments of guilt, and potential error occurring after the guilty pleas.  
See Young
, 8 S.W.3d at 666-67.

We have carefully reviewed the record before us, including the indictments, the judgments, the PSI, the reporter’s record from the sentencing hearing, and counsel’s brief.  We agree that the appeals are wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeals.  
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  Therefore, we grant the motion to withdraw filed by Appellant’s counsel and affirm the trial court’s judgments.

PER CURIAM

PANEL F: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 9, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 §§ 29.02(a)(1), 29.03(a)(2) (Vernon 2003).

3:
The punishment range for a first-degree felony is between five and ninety-nine years’ confinement, and a fine not to exceed $10,000.  
Id.
 § 12.32.